[Crim. No. 3961. In Bank.—June 19, 1936.]

THE PEOPLE, Respondent, v. HOMER M. HERBERT, Appellant.

P. G. McIver for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

SEAWELL, J.—This appeal comes to us on petition for a hearing after decision by the District Court of Appeal, Second District, Division One, Houser, P. J., and York, J., sponsoring the majority opinion. A carefully prepared and exhaustive dissenting opinion by Roth, J., *pro tempore*, was filed, in which many of the decisions of the state bearing upon the question as to what facts are essential to constitute double jeopardy within the meaning of article I, section 13, state Constitution, and the provisions of sections 687, 1023 and other sections of the Penal Code pertinent to the subject,

are reviewed. The case was taken over to give this court an opportunity to further consider the questions raised by the appeal. Upon such consideration we have reached the conclusion that the opinion of the District Court of Appeal, together with such observations as we have added, sufficiently disposes of the issues raised by the appeal. We shall not enter into an extended discussion in an attempt to compose seemingly conflicting views expressed in the decisions of the various courts of the state which have been cited to support one side or the other of the proposition.

The language of the Constitution, which provides that "no person shall be twice put in jeopardy for the *same* offense", and the several statutes which provide that no person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted, or for an offense necessarily included in the indictment of which a person might have been convicted under said indictment or information, is so clearly stated in the Constitution and the statutes as to leave no doubt as to what facts do or do not constitute double jeopardy or a second conviction for the *same* offense. No judicial interpretation is necessary as an aid in determining the meaning of the clear language of either the Constitution or the statutes.

The opinion of the District Court of Appeal, the greater portion of which we hereby adopt as our opinion, was prepared by Mr. Justice Conrey as a memorandum opinion while he was a member of said court. He was advanced to the office of associate justice of this court before this appeal was officially disposed of by the District Court of Appeal. Said court, upon an examination of the appeal, adopted the reasoning of and the conclusion reached by Mr. Justice Conrey in his consideration of the cause as its opinion and decision in said matter and filed the same, with a few minor changes, as the opinion of that court. We herewith adopt and issue said opinion as our own, supplementing it with a few added observations:

"On November 17, 1934, defendant was driving an automobile at approximately 50 miles per hour in the rain, in the city of Montebello. As he thus approached an intersection of two streets, he attempted to pass an automobile that was in front of him, but realizing that he could not do so safely, applied his brakes, as a result of which his car skidded a

distance of approximately 135 to 150 feet and careened into another automobile that was being driven by one Briscoe, as a consequence of which collision, Briscoe suffered injuries from which he died on the 19th day of November, 1934. On November 26, 1934, or about a week after Briscoe's death, defendant was charged with a violation of section 121 of the California Vehicle Act (2 Deering's Gen. Laws, 1931, Act 5128, p. 2450), to-wit, reckless driving. Said section reads as follows: 'Any person who drives any vehicle upon a highway in so negligent a manner as to indicate either a wilful or a wanton disregard of the safety of persons or property shall be guilty of reckless driving and upon conviction shall be punished by imprisonment in the county jail for a period of not less than five days nor more than ninety days or by fine of not less than twenty-five dollars nor more than two hundred fifty dollars, or by both such fine and imprisonment.'

"To such charge defendant pleaded guilty; sentence was pronounced, which sentence was in part suspended—the net result being that defendant paid a fine of $10. On January 16, 1935, by information filed against him, defendant was charged with the commission of the crime of manslaughter, a felony, committed as follows: 'That the said Homer M. Herbert on or about the 17th day of November, 1934, at and in the county of Los Angeles, State of California, did willfully, unlawfully and feloniously and without malice, kill one Joseph Briscoe, a human being.' It was stipulated by respective counsel that the said charge of manslaughter was based upon the identical facts which have been briefly summarized and upon which defendant had been already sentenced on his plea of guilty to the charge of reckless driving. To this information defendant entered pleas of not guilty and once in jeopardy. Trial was had without a jury, and the trial court found against defendant on his plea of once in jeopardy; found him guilty of manslaughter; pronounced sentence; suspended the same and placed defendant on probation. From the judgment entered pursuant thereto, and from an order denying his motion for a new trial, defendant has appealed to this court.

. . . . . . . . . . . . . .

"The decisive question is, was the defendant placed in jeopardy twice for the same offense; or, to phrase it more

specifically, does the charge of manslaughter on the facts as outlined necessarily include the crime of reckless driving?

.    .    .    .    .    .    .    .    .    .    .    .    .

"The offense of reckless driving, in violation of section 121 of the California Vehicle Act, to which Herbert pleaded guilty in the police court, was not necessarily included in the manslaughter, viz., *the killing of Briscoe* "unlawfully, feloniously and without malice", by the defendant. It must be admitted that on November 26, when the complaint on the misdemeanor charge was filed, both offenses were complete, as the reckless driving and the primary injury to Briscoe both occurred on November 17, and the death of Briscoe followed on the 19th.

"As far as prior jeopardy is concerned, as that situation is described in section 1023 of the Penal Code, and applying that description or definition to the facts here, the manslaughter was not an offense necessarily or at all included in the misdemeanor charge, of which the defendant 'might have been convicted under that indictment or information', that is, under the misdemeanor charge. It is true that on November 26 the facts were such that in a proper forum, the defendant then might have been prosecuted for manslaughter in the killing of Briscoe. In such prosecution he would have been placed in jeopardy, not for the separate offense of reckless driving, but for causing the death of Briscoe, by means of reckless driving plus the hitting of Briscoe. Under the manslaughter charge, he could not have been acquitted of manslaughter and convicted of reckless driving. Under the misdemeanor charge in the police court, he could not have been convicted of manslaughter.

"In the case at bar, defendant's reckless driving of his car, that is, 'in so negligent a manner as to indicate a wilful or a wanton disregard of the safety of persons or property,' happened to be an act committed in violation of law; but for the purposes of trial of the instant case this conduct of the defendant, when proved, was merely part of the evidence of his unlawful killing of a human being which in this instance was done 'in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection.' (Pen. Code, sec. 192.)

"I am aware of the rule that where there are several degrees of a single kind of crime, the defense of 'once in

jeopardy' is, under some circumstances, available, even where the prior action relates only to the lesser degree. Thus, an acquittal of manslaughter would protect against a subsequent prosecution for murder of the same victim at the same time as in the first case. I do not think that such a rule applies to the case at bar.

"It is a constitutional right, that 'no person shall be twice put in jeopardy for the same offense'. I do not think that this defendant has been 'twice put in jeopardy for the same offense'. [The latest case on this question is *People* v. *Coltrin*, 5 Cal. (2d) 649 [55 Pac. (2d) 1161]—see discussion on pages 659 to 661.]

"The facts in the case of *People* v. *Wilson*, 193 Cal. 512 [226 Pac. 5], are similar to those of the instant case. In principle, the decision in the cited case would seem to be determinative as against the point for which appellant herein so stoutly contends."

The facts, briefly summarized, are as follows: "On November 17, 1934, one Joseph E. Briscoe suffered injuries by reason of the reckless driving of an automobile by defendant in violation of section 121, Act 5128, Deering's General Laws, 1931. He died as the proximate result of said injuries two days thereafter and before any criminal proceedings had been filed against the defendant. On November 26, 1934, the defendant was charged with the violation of said section 121, the offense being punishable as a misdemeanor. He pleaded guilty to said charge and paid a fine in the sum of $10 which was assessed against him. On January 16, 1935, he was charged with and convicted of the crime of manslaughter. The court suspended sentence and placed him on probation.

It is the position of defendant that to convict him of both offenses is to twice put him in jeopardy for the *same offense*. (Art. I, sec. 13, Const.; sec. 1023, Pen. Code.) We are of the view that a conviction of both said offenses is not an impairment of the twice in jeopardy provision of the Constitution, or a violation of the penal statute. They are not the *same* offenses nor is one, to use the language of the Penal Code, *"necessarily* included within the other". One provides for a minor misdemeanor punishment for the violation of section 121 of an act regulating the use and operation of vehicles on streets and highways. It makes no attempt to punish for the consequences, if any, which may flow from

the act of reckless driving. The other offense, manslaughter, is a felony and was at common law an offense *malum in se.*

■ Unjustifiable homicide, whether murder or manslaughter, has always at common law and in American criminal jurisprudence been classified as an offense *malum in se.* Such offenses are more intensely evil than acts *mala prohibita.* The latter are such acts as are in themselves indifferent and become right or wrong as the municipal legislature sees proper for protecting the welfare of society and more adequately carrying on the purposes of civil life. (Bouvier's Law Dictionary, Rawle's 3d ed., vol. 2, p. 2066.) The facts essential to constitute the crime or offense are not the same in each offense. ■ A violation of the regulatory provisions of the Vehicle Code prohibiting reckless driving of motor vehicles is complete upon a showing that a vehicle was recklessly driven, and it matters not that no injury was done to persons or damage was done to property. The ingredient of manslaughter is that a human life was unlawfully taken. The offense is not complete unless death ensues from the injury within one year and a day from the day the injury is inflicted. The statute defining it is general and it makes no difference as to the particular means or methods by which it is committed if death ensues from the commission of an unlawful act not amounting to a felony, or from the commission of a lawful act which might produce death in an unlawful manner or the commission of a lawful act without due caution and circumspection. (Sec. 192, Pen. Code.) The manner of its commission need not be pleaded. The bar of the statute is different in the two grades of offenses. Three years are required to bar a prosecution for manslaughter, while one year will bar a prosecution for a misdemeanor. The two offenses are different in substance and are not governed by the same procedural provisions of the Penal Code, and in no case could an information or indictment be framed by which a person charged with one offense could be convicted of the other. Matter describing reckless driving in an information charging manslaughter would be regarded as idle words so far as authorizing the conviction of a misdemeanor is concerned, and the only possible purpose for which it could be considered, if at all, would be to identify the particular offense of manslaughter.

We gave consideration to the double jeopardy plea in the case of *People* v. *Coltrin*, 5 Cal. (2d) 649 [55 Pac. (2d) 1161], and we are of the view that what is there said is conclusive against the contention of appellant in the instant case.

■ The point was raised by respondent that defendant's plea of once in jeopardy was not made or entered with the full and formal requisites set forth in section 1017, subdivision 4 of the Penal Code. The trial court, however, treated the plea as substantially complying with provisions of the statute, and we are not disposed to disturb the ruling. Neither party was misled nor injured thereby.

The judgment and order appealed from are affirmed.

Shenk, J., Curtis, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.