Commonwealth ex rel. Papy, Appellant, *v.* Maroney.

Submitted January 7, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank J. Papy, Jr.,* appellant, in propria persona.

*Armand Della Porta* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1965:

On May 4, 1948, the appellant, Frank J. Papy, Jr., brutally assaulted one William McGee with a claw hammer and robbed him of his wallet and topcoat. Papy was arrested and indicted for aggravated assault and robbery. On July 14, 1948, while represented by counsel, he appeared in court and plead nolo contendere to the indictment. He was sentenced to a term of imprisonment from 7½ to 15 years.

Following the assault, the victim McGee spent several months in two hospitals and finally died on November 25, 1948. An autopsy revealed that the blows on the head, inflicted by Papy, caused his death. Papy was then indicted for murder.

On February 8, 1949, Papy, again represented by counsel, appeared in court and plead guilty to the murder indictment. After a hearing before a three-judge court, he was adjudged guilty of murder in the first degree and sentenced to life imprisonment, under which judgment he has since been continuously confined.

On September 3, 1964, Papy, in propria persona, instituted habeas corpus proceedings, which the lower court dismissed after hearing. An appeal from this order is presently before us.

It is first urged that appellant was placed in double jeopardy for the same offense in violation of his constitutional rights. In effect, a plea of autrefois convict is being entered at this later date to the murder indictment.

The proscription against double jeopardy found in Article I, §10 of the Constitution of Pennsylvania[1] applies only where a person *is twice placed in jeopardy for a crime punishable by death*: *Commonwealth v. Baker*, 413 Pa. 105, 196 A. 2d 382 (1964); *Commonwealth v. Simpson*, supra note 1; *Commonwealth ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955); and, *Commonwealth v. Comber*, 170 Pa. Superior Ct. 466, 87 A. 2d 90 (1952), rev'd on other grounds, 374 Pa. 570, 97 A. 2d 343 (1953). See also, *Commonwealth v. Melton*, 406 Pa. 343, 178 A. 2d 728 (1962). A plea of autrefois convict is separate and distinct from a plea of double jeopardy, although in practical effect it is the same. See, 10 P.L.E. Criminal Law §111, and Notes, Some Aspects of the Double Jeopardy Problem in Pennsylvania, 19 U. Pitt. L. Rev. 630, 631 (1958). A plea of autrefois convict, however, may be entered in noncapital as well as capital cases. This is part of our statutory law. See, Act of March 31, 1860, P. L. 427, §30, 19 P.S. §464. See also, §51 of the same act, 19 P.S. §831, which prohibits a person

---

[1] It has been held that this is a limitation on the powers of the federal government and not on those of the states: *Twitchell v. Commonwealth*, 74 U. S. 321 (1868); *Commonwealth ex rel. Garland v. Ashe*, 344 Pa. 407, 26 A. 2d 190 (1942); *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933); and, *Commonwealth v. Gibbs*, 167 Pa. Superior Ct. 79, 74 A. 2d 750 (1950). However, see and compare *Malloy v. Hogan*, 378 U.S. 1 (1964).

from being tried for a felony after prior conviction for a misdemeanor on the same facts.

But this statutory right to plead autrefois convict is waived unless entered at trial: *Commonwealth ex rel. Wallace v. Burke,* 169 Pa. Superior Ct. 633, 84 A. 2d 254 (1951) ; *Commonwealth v. Gibbs,* supra note 1; and, *Commonwealth v. Balles,* 163 Pa. Superior Ct. 467, 62 A. 2d 91 (1948). A defendant may not plead guilty to an indictment and years later in a collateral proceeding change the plea to autrefois convict as is attempted here. As to the effect of a defendant's failure to follow proper trial and post trial procedure, see the scholarly discussion of Mr. Justice ROBERTS in *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965), and *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965).

Moreover, and more importantly under the facts, appellant's prior conviction was not a bar to his subsequent prosecution for murder.

If, on the day he was convicted of aggravated assault and battery, the victim had already died and the appellant was *then* guilty of murder, his prosecution and conviction for the assault and battery would have barred his subsequent prosecution for murder. This is because, where a person is convicted or acquitted of a crime which is a constituent of a greater crime, he may not thereafter be prosecuted for the greater crime: *Commonwealth v. Thatcher,* 364 Pa. 326, 71 A. 2d 796 (1950), and *Commonwealth v. Arner,* 149 Pa. 35, 24 A. 83 (1892). Assault and battery is a constituent of murder and merges therein: *Commonwealth v. McCusker,* 363 Pa. 450, 70 A. 2d 273 (1950). However, when the first conviction occurred, the appellant was not then guilty of murder and could not have been prosecuted for that crime, since no such crime had as yet been committed. When the death occurred, a new and distinct crime was consummated for which he was not

before guilty or prosecuted. The case of *Commonwealth v. Ramunno,* 219 Pa. 204, 68 A. 184 (1907), is factually identical and controlling.

Appellant also maintains that his conviction and sentence were illegal because he was denied a reasonably prompt hearing before the committing magistrate, and was not afforded the assistance of counsel at this hearing or at the coroner's inquest. These same questions have frequently been considered and answered in prior decisions of this Court and require no further amplification here. The assignments of error are without merit. See, *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 206 A. 2d 288 (1965), and *Commonwealth v. Graham,* 408 Pa. 155, 182 A. 2d 727 (1962).

Order affirmed.