[Civ. No. 28491.    Second Dist., Div. Three.    June 17, 1966.]

DOYLE WYATT, JR., Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY et al., Defendants and Respondents; THE PEOPLE, Real Party in Interest and Respondent.

Benjamin N. Wyatt, Jr., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, Donald K. Byrne and John J. Collins, Deputy County Counsel, for Defendants and Respondents.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and James H. Kline, Deputy City Attorney, for Real Party in Interest and Respondent.

SHINN, P. J.—This is an appeal from a judgment of the superior court refusing to grant the petition of appellant for a writ restraining the municipal court from proceeding with the prosecution of appellant upon a charge of involuntary manslaughter.

The writ of prohibition was sought upon the ground that appellant had suffered punishment for the offense of refusing to yield the right-of-way to a pedestrian in a crosswalk in violation of section 21950 of the Vehicle Code, and that said offense is one necessarily included in the offense of involuntary manslaughter based upon the death of the pedestrian proximately caused by the violation of section 21950.[1]

The petition for the writ was without validity, the appeal borders on the frivolous, and was evidently taken for the purpose of delay. We affirm the judgment upon two independent grounds.

It is stated in the brief of appellant that he was arraigned in division 51 of the municipal court upon a citation charging him with a violation of section 21950; he pleaded not guilty, demanded a jury trial, the matter was transferred to division 31 and appellant was released upon his own recognizance.

It was alleged in the petition that on May 21, 1963, a complaint was filed charging appellant with violation of section 21950, and it was alleged, indirectly, that in division 31 appellant was convicted and sentenced upon the complaint.

---

[1] Section 42005 of the Vehicle Code provides: ''Every person convicted of a violation of Sections 21709, 21950 or 21951 shall be punished by a fine of not exceeding fifty dollars ($50) or by imprisonment in the county jail for not exceeding five days, except that such a violation proximately causing bodily injury to the pedestrian shall be punished as a misdemeanor.''

Some months afterward the pedestrian died, and a complaint was filed charging appellant with involuntary manslaughter. It was alleged in the petition that to this charge petitioner entered a plea of not guilty, and, with permission of the court, special pleas of former conviction and once in jeopardy, consisting of the proceedings in division 31 upon the former charge, which appellant refers to as a misdemeanor.

It appears from the record that on March 9, 1964, in division 11 a hearing was had upon the special pleas, testimony was given by appellant's attorney and by the judge of division 31. Appellant's attorney testified that on the trial date in division 31 he appeared with his client, the People being represented by a deputy city attorney; the attorneys agreed that if the judge was willing, the case could be disposed of by the deposit of $50 as bail and the forfeiture of the bail by order of the court; in chambers, the judge agreed to the arrangement, the bail was deposited and was ordered forfeited. The testimony of the judge was to the same effect, and both witnesses testified that it was understood that the forfeiture of bail was intended to be the equivalent of a fine, and punishment for the offense. The testimony given in the hearing appears in the clerk's transcript. At the conclusion of the receipt of evidence the court withdrew the consent it had given to enter the special pleas and held them to be without merit.

When it appeared that the prosecution of the manslaughter charge would proceed, appellant filed his petition for a writ of prohibition. With the petition there was filed a declaration of appellant's attorney which set forth the proceedings in the "misdemeanor" charge as they had been testified to in the hearing on the special pleas. The declaration read in part as follows: "That declarant believes and therefore alleges that at the time of the entering into the agreement for such disposition of case number 138041 (failure to yield right of way) the fact that a person was seriously injured and was hospitalized was made known to both the judge of division 31 and the deputy city prosecutor by notation upon the arresting officer's report; and that the People thereby had notice and knowledge that a death might result." It is apparent that in ruling upon the petition the court had before it a transcript of the testimony of appellant's attorney and the judge given in the former hearing.

The points on appeal are (1) it was error to refuse to

submit the special pleas to a jury, (2) the court in the hearing on the petition ignored the fact that in striking out or refusing the special pleas the court exceeded its jurisdiction, (3) double punishment is recognized by the courts as contrary to constitutional principles and, (4) failure to yield the right of way to a pedestrian which results in death is an offense necessarily included in the offense of involuntary manslaughter. It is also argued that prosecution of the manslaughter charge is in violation of section 654 of the Penal Code.

We consider first the contention of appellant that the Vehicle Code violation was necessarily included in the offense of involuntary manslaughter.

It has been settled for many years that a conviction or placing in jeopardy of a defendant in a prosecution for a misdemeanor violation of the Vehicle Code which results in death will not bar a subsequent prosecution for manslaughter.

In *People* v. *Herbert*, 6 Cal.2d 541 [58 P.2d 909], appellant was driving a car in violation of section 121 of the then California Vehicle Act and was guilty of reckless driving. The violation occurred November 17, 1934, when defendant's car came into collision with a car driven by one Briscoe, who received injuries from which he died November 19, 1934; November 26, 1934, Herbert was charged with reckless driving; he pleaded guilty and the net punishment imposed was a fine of $10. January 16, 1935, Herbert was charged with manslaughter, he pleaded not guilty and once in jeopardy; in the trial the court found against him on the plea of once in jeopardy; he was found guilty, sentence was imposed, was suspended, and Herbert was placed on probation. Upon the appeal the court said: " 'As far as prior jeopardy is concerned, as that situation is described in section 1023 of the Penal Code, and applying that description or definition to the facts here, the manslaughter was not an offense necessarily or at all included in the misdemeanor charge, of which the defendant ''might have been convicted under that indictment or information,'' that is, under the misdemeanor charge. It is true that on November 26 the facts were such that in a proper forum, the defendant then might have been prosecuted for manslaughter in the killing of Briscoe. In such prosecution he would have been placed in jeopardy, not for the separate offense of reckless driving, but for causing the death of Briscoe, by means of reckless driving plus the hitting of Briscoe. Under the manslaughter charge, he could not have been acquitted of manslaughter and convicted of reckless

driving. Under the misdemeanor charge in the police court, he could not have been convicted of manslaughter.' " The court also held (1) the facts constituting the two offenses are not the same, (2) the misdemeanor offense is complete upon a showing of the violation; the offense of manslaughter is not complete unless death ensues within one year and one day from the day the injury is inflicted, (3) the bar of the statute is different in the two grades of offenses, one year will bar a prosecution for the misdemeanor, while prosecution for manslaughter is barred in three years, (4) "The two offenses are different in substance and are not governed by the same procedural provisions of the Penal Code, and in no case could an information or indictment be framed by which a person charged with one offense could be convicted of the other. Matter describing reckless driving in an information charging manslaughter would be regarded as idle words so far as authorizing the conviction of a misdemeanor is concerned, and the only possible purpose for which it could be considered, if at all, would be to identify the particular offense of manslaughter." The plea of former jeopardy was held to have been properly rejected. The judgment was affirmed.

█ It was upon the authority of *Herbert* especially, that the trial court, in the instant case, held that the pleas of former conviction or once in jeopardy were not sustainable. Our conclusion is the same. If Wyatt had been convicted of a violation of section 21950 at the time he appeared in division 31 and had been punished therefor, his plea upon the manslaughter charge of former conviction and once in jeopardy would have failed.

However, Wyatt did not suffer a conviction of the misdemeanor offense. He pleaded not guilty and did not withdraw or seek to withdraw his plea. He did not admit his guilt; the court did not find him guilty. The very purpose of the deposit and forfeiture of bail was to avoid a trial of the issue of guilt. The forfeiture of bail is deemed the equivalent of a conviction for certain purposes of licensing and the suspension or revocation of licenses by sections 1803 and 13103 of the Vehicle Code, but it is no less than absurd to say that whoever forfeits bail for a traffic violation thereby convicts himself of being a law violator.

We hold, upon the authority of *Herbert,* which has been accepted as the law since 1936, and the facts of the present case, that whatever the effect that might be claimed for the bail forfeiture proceedings, the pleas of former conviction and

once in jeopardy were ill founded. In other words, we are of the opinion that the disposition which the Supreme Court made in *Herbert* is the law today.

What we have said disposes of the contention that the prosecution or punishment of appellant for involuntary manslaughter would be in violation of section 654, which, in brief, provides that when an act or omission committed by the defendant is made punishable by different provisions of the code an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

Needless to say, the conclusions we have reached are based upon the particular facts we have related and the narrow problem they present.

The judgment is affirmed.

Ford, J., and Kaus, J., concurred.