## Commonwealth v. Bateman

*Edgar B. Baley, Jr.,* for Commonwealth.
*Harold S. Irwin, Jr.,* for defendant.

SHUGHART, P. J. and WEIDNER, J., March 8, 1971.—When the above case was called for trial, counsel for defendant and the district attorney advised the court that the guilt or innocence of defendant depended upon the resolution of a legal question. An order to this effect was therefore entered and the facts have been stipulated of record. The matter was placed on the argument list, has been argued, and is now ripe for decision.

From the stipulation it appears that on Saturday, September 12, 1970, at or about 2:40 a.m., in Hopewell Township, Cumberland County ". . . the Defendant did, while operating his vehicle at Milepost 204, westbound on the Pennsylvania Turnpike, pull off the highway onto the right berm, stop his vehicle and extinguish his lights. Thereafter, the Defendant did,

without turning on his lights, move his vehicle so as to accomplish a U turn, changing his direction of travel from westbound to eastbound without having first passed through an interchange. After completing the said turn the Defendant did again turn on the lights of his vehicle. His arrest followed immediately thereafter."

On September 21, 1970, defendant was charged with the summary offense of making a U-turn on the Pennsylvania Turnpike in violation of section 1036, Rule 8, of The Vehicle Code regulating traffic on the Pennsylvania Turnpike. The same date, defendant was charged with a violation of section 801(d) of Article VIII of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §801(d), which provides as follows:

"Every motor vehicle, and every trailer or semi-trailer attached to a motor vehicle, and every vehicle which is being drawn at the end of a combination of vehicles, shall carry at the rear at least two (2) lamps of a type which at the time of their use is approved by the secretary, and which exhibit a red light, plainly visible under normal atmospheric conditions from a distance of five hundred (500) feet to the rear of such vehicle."

At the same time, defendant was charged with a violation of section 801(a) of article VIII of the Vehicle Code, 75 PS §801(a), which provides:

". . . Every vehicle or tractor upon a highway within the Commonwealth, during the period from one-half (½) hour after sunset to one-half (½) hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet ahead, shall be equipped with lighted lamps and illuminating devices, as in this

section, respectively required for different classes of vehicles."

All three of these charges were summary offenses to which defendant entered pleas of guilty and subsequently paid the prescribed fine and the costs.

On September 24, 1970, defendant was charged with a violation of section 1038 of The Vehicle Code, as amended, 75 PS § 1038, which provides as follows:

"It shall be unlawful for any person to turn off any or all the lights on a motor vehicle or tractor for the purpose of avoiding identification or arrest."

This offense is a misdemeanor and calls for the imposition of a fine of not less than $100 nor more than $500, or imprisonment for three years, or both. Subsequently, an indictment was approved by the grand jury and it is the charge involved in defendant's motion to dismiss.

Counsel for defendant contends that since he had paid fines on the two summary charges involving the absence of lights on his vehicle, he is insulated from a prosecution of the misdemeanor charge on the doctrine of double jeopardy or, more specifically, autrefois convict. Double jeopardy applies under our Pennsylvania Constitution, article I, sec. 10, only to the situation where a person is placed in double jeopardy for a crime punishable by death: Commonwealth ex rel. Papy v. Maroney, 417 Pa. 368. The plea of autrefois convict is a plea separate and distinct from double jeopardy but its practical effect is the same. Federal decisions dealing with double jeopardy are relevant in dealing with pleas of autrefois convict in this Commonwealth. The double-jeopardy provisions of the Fifth Amendment of the Federal Constitution are now applicable to the States by virtue of the decision in Benton v. Maryland, 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707. Defendant

relies on the case of Waller v. Florida, 90 S. Ct. 1184, 397, in support of his contention. The facts in that case as they appear from the opinion were as follows:

"Petitioner was one of a number of persons who removed a canvas mural which was affixed to a wall inside the City Hall of St. Petersburg, Florida. After the mural was removed, the petitioner, together with others, carried it through the streets of St. Petersburg until they were confronted by police officers. After a scuffle, the officers recovered the mural, but in a damaged condition.

"The petitioner was charged by the City of St. Petersburg with the violation of two ordinances: first, destruction of city property; and second, disorderly breach of the peace. He was found guilty in the municipal court on both counts, and a sentence of 180 days in the county jail was imposed.

"Thereafter an information was filed against the petitioner by the State of Florida charging him with grand larceny. It is *conceded that this information was based on the same acts* of the petitioner as were involved in the violation of the two city ordinances.

"Before his trial in the Circuit Court on the felony charge, petitioner moved in the Supreme Court of Florida for a writ of prohibition to prevent the second trial, asserting the claim of double jeopardy as a bar. Relief was denied without opinion. Waller v. Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, 201 So. 2d 554 (Fla. 1967). Thereafter petitioner was tried in the Circuit Court of Florida by a jury and was found guilty of the felony of grand larceny. After verdict in the state court, he was sentenced to six months to five years less 170 days of the 180-day sentence previously imposed by the municipal court of St. Petersburg, Florida. (Italics supplied.)

The District Court of Appeal of the State of Florida rejected defendant's claim that he had twice been put in jeopardy, although the charge on which the State court action rested "was based on the *same acts* of the appellant as were involved in the violation of the two city ordinances," because the court was of the opinion that a trial of an individual in a municipal court did not bar a prosecution of the same person in a proper State court thereafter. (Italics supplied.)

In rejecting this contention, Chief Justice Burger, speaking for the court, said that, in reaching this conclusion "We act on the statement of the District Court of Appeal that the second trial on the felony charge by information *'was based on the same acts of the appellant as were involved in the violation of the two city ordinances'* and on the assumption that *the ordinance* violations *were included offenses of the felony charge.* Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question. What is before us is the asserted power of the two courts within one State to place petitioner on trial for the *same alleged crime.*" (Italics supplied.)

Finally, in his conclusion, Chief Justice Burger said:

"We decide only that the Florida courts were in error to the extent of holding that '. . . even if a person has been tried in a municipal court for the *identical offense* with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' The second trial of petitioner which resulted in a judgment of conviction in the state court for a felony having no valid basis, that judgment is vacated and the cause remanded to the District Court of Appeal of Florida,

Second District, for further proceedings in accord with this opinion. In these circumstances we do not reach other contentions raised by petitioner." (Italics supplied.)

It is noted that throughout the Waller opinion Chief Justice Burger referred to the fact that the "same acts of the appellant were involved in the violation of the ordinance and also the felony charge." While he does not elucidate what he means by the words "same acts" in this opinion, he does so in a dissenting opinion filed in Ashe v. Swenson, 397 U. S. 436, 25 L. Ed. 2d 469, handed down the same day the Waller decision was rendered and which also involved the application of the doctrine of double jeopardy. In his dissenting opinion, at page 436, he clarifies this matter in the following language:

"The concept of double jeopardy and our firm constitutional commitment is against repeated trials 'for the *same offense.*' This Court, like most American jurisdictions, has expanded that part of the Constitution into a 'same evidence' test. For example, in Blockburger v. United States, 284 U. S. 299, 304, (1932), it was stated, so far as here relevant, that '[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision [i.e., each charge] requires *proof of a fact which the other does not.*'"

It is obvious from the language of the statutes relating to the summary offenses of The Vehicle Code, sec. 801, supra, that each offense is committed whenever an operator has a vehicle upon the highway without lighted lights as prescribed by the two sections. Neither section requires proof of a mens rea. A conviction under section 1038 requires that the person drive without lights to avoid identification or arrest or that he turn off lights to avoid identification or

arrest. While the mere failure to have on, or turn on, the lights constitutes a violation of the summary provision, an improper or illegal motive or intention therefor is required in addition for a conviction of the misdemeanor.

The precise question raised here is whether the doctrine of double jeopardy or autrefois convict can be applied to bar an offense beyond the jurisdiction of the court in which defendant was first tried. The United States Supreme Court has ruled adversely to defendant on this specific point. In the case of Diaz v. United States, 223 U. S. 442, defendant was charged with assault and battery before a justice of the peace. Subsequently, the victim died and defendant was charged with homicide. In refusing to apply the doctrine of double jeopardy, the court said, at page 449:

". . . the justice of the peace, although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction. All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide. . . ."

It appears, therefore, that there is no Federal constitutional prohibition against the instant prosecution, and it is clear that practical considerations support the logic of this decision. It would be an anomaly indeed if an individual could escape prosecution for a misdemeanor or a felony simply because he had been charged, pled guilty and paid a fine before a justice of the peace for a summary offense involved in his act.

Pennsylvania follows the view that a conviction of a minor offense in an inferior court does not bar a

prosecution for a higher offense over which the inferior court had no jurisdiction, the reason being that defendant was nowise in jeopardy as to the more serious offense in the summary proceeding: Commonwealth v. Bergen, 134 Pa. Superior Ct. 62; Commonwealth v. Rubin, 42 D. & C. 21, 27; Commonwealth v. Wolfendale, 43 D. & C. 230. See also 21 Am. Jur. 2d, Criminal Law, §185, 78 A.L.R. 1213.

The indictment in this case may not, therefore, be dismissed.

## ORDER OF COURT

And now, March 8, 1971, at 4 p.m., for the reasons set forth above, defendant's motion to dismiss the indictment is overruled.