THE STATE, DEFENDANT IN ERROR, v. PHILIP MOWSER, PLAINTIFF IN ERROR.

Argued June 18, 1918—Decided March 3, 1919.

1. Where a defendant is charged, in separate indictments, with robbery and murder, the murder being the result of the criminal act of the accused, done in the perpetration of the robbery, and he pleaded guilty to the indictment for robbery, the subsequent prosecution on the indictment for murder is barred.

State v. Mowser.

2. By the term "same offence" is not only meant the *same* offence as an entity and designated as such by legal name, but also any integral part of the offence which may subject an offender to indictment and punishment.

3. When the integral part of the principal offence is not a distinct affair, but grows out of the same transaction, an acquittal or conviction of an offender for the lesser offence will bar a prosecution for the greater.

4. A plea of *autrefois convict*, after it has been overruled, is not evidential against the accused, on his trial, either as an admission or confession.

On error to the Supreme Court, whose opinion is reported in 91 *N. J. L.* 395.

For the plaintiff in error, *Charles A. Rathbun.*

For the state, *John M. Mills.*

The opinion of the court was delivered by

KALISCH, J. The facts which give rise to the fundamental question raised in this case are these: Mowser, the plaintiff in error, with two companions, Herbert and McCracken, conspired together to rob one Richards. Mowser knew Richards; his confederates did not. On the night of the robbery Herbert and McCracken lay in wait for Richards near the latter's home. Mowser came along and notified Herbert that Richards was coming up the street and then proceeded on his way. As Richards came by Herbert and McCracken followed him for a short distance, and then Herbert felled Richards with one or two blows on the head with a piece of gas pipe, and robbed him. Richards died from the effect of his injuries at noon of the same day. Mowser was not present when the assault was committed, but was somewhere in the immediate vicinity. On May 8th, 1917, the grand jury of Morris county presented an indictment against Mowser, in the statutory form, charging him of having, on May 5th, 1917, willfully, feloniously and of his malice aforethought, killed and murdered Frederick Richards, at Dover, Morris

county, &c. On the 8th day of May, 1917, Mowser was arraigned in the Court of Oyer and Terminer and pleaded not guilty to the indictment. Two weeks later the same grand jury presented a joint indictment, consisting of two counts, against Mowser, Herbert and McCracken, the first count of which charges that they, "in and upon one F. R. an assault did feloniously make, and from the person of him, the said F. R., by violence and putting him in fear did forcibly take a sum of money," &c. The second count charges the defendants with an assault with intent to rob. To this indictment the defendants, upon being arraigned in the Court of Quarter Sessions, pleaded guilty. On a later date Mowser filed a plea of *autrefois convict* to the indictment for murder, setting forth the substance of the indictment for robbery, to which he had pleaded guilty, and averring that the indictment for murder is based upon the same facts and grew out of the same transaction.

The prosecutor of the pleas demurred to this plea, which raised the question whether a plea of a former conviction of robbery was a bar to a prosecution on an indictment for murder, where the homicide was the undesigned result in the perpetration of the robbery.

The trial judge *certioraried* the record into the Supreme Court to obtain its opinion on the question. That tribunal held that the plea of a former conviction of robbery was not a bar to an indictment for murder, even though the homicide grew out of the same transaction. It gave as a reason for coming to this conclusion that the offences are not the same and that, therefore, the doctrine enunciated in *State* v. *Cooper*, 13 *N. J. L.* 361, was not applicable, and remitted the cause to the Court of Oyer and Terminer for trial. *State* v. *Mowser*, 91 *Id.* 90.

The accused was then served with the following bill of particulars by the prosecutor of the pleas:

"The following is a bill of particulars furnished you in the above cause, in compliance with the terms of an order entered therein on the 24th day of October, 1917.

"Philip Mowser, late of the town of Dover, in the county of Morris, on Friday, the 4th, or Saturday, the 5th, day of May, 1917, either shortly before midnight or shortly thereafter, between the said two days, in the town of Dover, in perpetrating or attempting to perpetrate a robbery, upon and of one Frederick Richards, did willfully, feloniously and of his malice aforethought, kill and murder the said Frederick Richards, contrary to the form of the statute, &c. Dated October 26, 1917. Charlton A. Reed, Prosecutor of the Pleas."

The defendant thereupon interposed a plea of *autrefois convict* in that he already stood convicted of the robbery by virtue of his plea of guilty thereto, and, hence, a prosecution on the indictment for murder growing out of the perpetration of the robbery was barred.

The trial judge, in accordance with the views expressed by the Supreme Court, instructed the jury empaneled to try the issue raised by the plea of *autrefois convict,* that the Supreme Court had practically disposed of the matter in holding that the offence of robbery and that of murder are not the same, and if so the defendant's plea cannot be sustained, and accordingly the jury found that the offences are not the same. The accused was then put on trial and convicted of murder in the first degree, with a recommendation by the jury of life imprisonment.

It is the judgment, on this conviction, brought on a writ of error into the Supreme Court and there affirmed, which is now before us on review.

On the question of the legal efficacy of the plea of *autrefois convict* the Supreme Court followed its former opinion when the case was before it on demurrer, and affirmed the judgment for the reasons advanced in that opinion. *State* v. *Mowser,* 91 *N. J. L.* 395.

The other question raised and passed upon by the Supreme Court related to the admissibility of a confession made by the defendant. As the judgment under review must be reversed upon a fundamental ground which in effect will preclude

another trial, the legal propriety of the admission of the confession becomes purely academic here. It is, therefore, unnecessary to decide whether the trial judge erred·in admitting the confession of the defendant as one voluntarily made by him. We cannot, however, permit the matter to go entirely unnoticed, in view of the fact that the Supreme Court, after deciding that the confession was erroneously admitted in evidence, held that it was harmless error because it appeared that the defendant had entered a plea of guilty to the robbery and had set up the facts stated in the confession in his plea of *autrefois convict*. Assuming that the Supreme Court rightly decided that the confession was improperly admitted in evidence, we cannot concur in the view of that tribunal that it was harmless error. The subject will be again adverted to, later on, in its proper place.

To uphold the judgment of the Supreme Court that the plea of *autrefois convict* was not a bar, under the conceded facts and circumstances of this case, is, in effect, a 'direct repudiation of the doctrine laid down in *State* v. *Cooper*, *supra*, decided by the Supreme Court in 1833, followed and approved by the Court of Errors and Appeals in *State* v. *Rosa*, 72 *N. J. L.* 462, in which latter case Chief Justice Gummere (at page 464), speaking for this court, says: "The present plea, in our ·opinion, is manifestly insufficient in a substantial respect. ''Although it sets out that Galante was shot at the same time and place that Denefrio was, and that they were shot by the same person, it fails to allege or show that it was the same act which produced both homicides. and this is universally held to be the essential in a plea of this nature, for it is the character of the act, not the results which flow from it, which determines the question of the guilt or innocence of 'the person who does it. In *State* v. *Cooper*. 13 *Id.* 371, a case of note in our reports upon this subject, it is said the 'writers concur in stating that these pleas "must be upon a prosecution for the same identical act,' '' and although that case was decided over seventy years ago, an examination of the text books and' of the later decisions bearing upon this point will disclose no change or modification of this rule."

To be consistent with the legal rule enunciated by this court in State *v.* Rosa and, in the Supreme Court, in State *v.* Cooper, the prime inquiry, in the present case, must be whether or not the murder was the result of the criminal act of the accused done in the perpetration of the robbery, to which he had pleaded guilty. If it was, then upon principle and authority of the cases just cited, the prosecution for murder is barred.

The amplification of the indictment, by the bill of particulars served upon the plaintiff in error, discloses that the murder of which he was accused was the result of the criminal act done in the perpetration of the robbery.

The state, by its bill of particulars, assumed the obligation to establish the murder by proving that it was the result of the act of the accused in the perpetration of the robbery.

Section 106 of the Crimes act (*Comp. Stat., p.* 1779) declares, "Any person who in committing or attempting to commit arson, burglary, rape, robbery, sodomy or any unlawful act against the peace of this state, of which the probable consequence may be bloodshed, shall kill another * * * shall be guilty of murder." This is section 66 of the Crimes act of the Revision of 1821, and was in force when the case of *State* v. *Cooper, supra,* was decided.

Section 107 of the Crimes act (*Comp. Stat., p.* 1780), a much later statute, declares that murder "which shall be committed in perpetrating or attempting to perpetrate any arson, burglary, rape, robbery or sodomy, shall be murder in the first degree."

As there were no degrees of murder at common law, and all murder was punishable with death, it is quite evident that the later statute was enacted to meet the situation caused by the statutory classification of murder, into murder of the first and murder of the second degree.

The conspicuous salient fact is, that the perpetration or the attempt to perpetrate any of the crimes mentioned in section 107, resulting in the killing of another, is an essential and integral part of murder in the first degree, in that class of cases.

The Supreme Court attempts to distinguish the present case from the Cooper case, but, a comparison of the facts of the latter case with those of the case under discussion, will make it clearly appear that they are indistinguishable in principle.

In the Cooper case the prisoner set fire to a dwelling house, which occasioned the death of an inmate. He was put on trial for arson and convicted. At a following term the indictment for murder was moved against him and he interposed a plea of *autrefois convict,* which plea was overruled by the Court of Oyer and Terminer, but further proceedings were suspended until the opinion of the Supreme Court could be had on the validity of the plea.

The Supreme Court held that the plea was valid and a bar to the prosecution of the indictment for murder.

In *State* v. *Rosa, supra,* this court, in considering and construing the decision in the Cooper case, declared the legal rule to be that where the crimes arose out of the same transaction it is the character of the act, not the results which flow from it, which determines the question of the guilt or innocence of the person who does it.

In the Cooper case the indictment charged that the accused did willfully and maliciously burn a certain dwelling house; * * * that by reason and means of the said burning the deceased was mortally burned and killed, and that the said Cooper feloniously and willfully of his malice aforethought, did kill and murder the deceased, against the form of the statute, &c.

In the present case the bill of particulars sets forth that in perpetrating, or attempting to perpetrate a robbery, the accused did willfully and feloniously and of his malice aforethought, kill and murder the deceased, against the form of the statute, &c.

Upon what basic grounds then can these two cases be properly distinguished from each other? In our view of the firmly settled law of this state, of which the Cooper case is the pioneer expository, no marked distinguishable feature has been suggested, and we are unable to perceive how, in

principle, a straight line of demarcation can be drawn between them.

It is clear that it was the act of arson, which resulted, undesignedly in the death of the deceased—it was the act of the guilty hand which applied the torch that set in train a result, which by statute is declared to be murder in the first degree. And it is that act which was the sole legal prop to the indictment for murder. In the present case it is the act of perpetrating, or attempting to perpetrate, a robbery, involving an attack with violence upon the person to accomplish the object of robbery, that is made the basis of the indictment for murder against the plaintiff in error. According to the view taken by the Supreme Court, in cases of robbery, burglary, rape or sodomy, where death results in the commission or attempt to commit any one of these crimes, the offender may be indicted for any one of these offences first, and if acquitted or convicted, may be subsequently indicted for murder, because rape or sodomy or burglary is not in its character the same offence as murder. Such a narrow construction was repudiated in the Cooper and Rosa cases. It may be readily conceded that the crime of murder and the crime of robbery are not the same offence. But that is of no importance here. Neither is the crime of arson and that of murder the same offence. The Supreme Court opinion does not make it clear why the crime of arson, one of the crimes mentioned by the statute, which, if in the commission thereof death results, makes the offence murder in the first degree, invokes a different legal rule than obtains in the commission of rape, burglary, robbery or sodomy. The crimes mentioned are associated together in a single statute, and the legislature has not seen fit to make any such distinction. Neither in principle nor in substance is such a distinction permissible.

The learned and careful author of the opinion of the Supreme Court, in attempting to distinguish the present case from the Cooper case, says (91 *N. J L.* 90, 93) : "For there the murder was charged to have been perpetrated by acts which

constituted the crime of arson, of which the defendant had been convicted, and an acquittal would have amounted to a finding that he did not commit the act causing the murder charged, for it could only be supported by proof of the identical facts necessary to prove the crime of arson, the arson being the necessary ingredient of each crime charged, and the same proof would have been necessary to justify a conviction in either case. The court in that case was dealing with 'two distinct felonies growing out of the same identical act and where one is the necessary ingredient in the other,' while here the act of robbery is not a necessary ingredient of the other crime, for a murder is not necessarily a part of the act of robbery which may be accomplished by a subsequent distinct act."

This statement entirely overlooks the material fact that the bill of particulars furnished to the defendant by the state in the present case, charges that death resulted in the perpetration of the robbery and clearly negatives the idea that the robbery was accomplished by a distinct act. In fact, the blow struck was an act done in the perpetration of the robbery and, by comparison, the robbery and homicide, being directed against the person, were more logically the products of a single act than were the arson and homicide, which were produced by the lighting of the torch and applying it to the dwelling, acts in their nature separate and distinct, but, nevertheless, were considered in the Cooper case component parts of the same act toward the commission of the arson and homicide. The fact that the inmate was burned to death is inconsequential. For if he had jumped out of the window to escape the fire, and was killed by the fall, the perpetrator of the arson would nevertheless be guilty of murder.

It is conceded by the Supreme Court, that in a case of arson if the accused were acquitted of the arson he could not have been lawfully tried for murder since the identical proof necessary to establish the arson is equally necessary to establish the murder. But why the result is not the same in the case of an alleged murder averred to have been committed in the perpetration of a robbery, which crime involves violence to the person, is incomprehensible, in sound reasoning and principle.

The legislature has made the crime of robbery a constituent element of murder in the first degree, where death ensues from the perpetration or attempt to perpetrate the robbery. Evidently, the legislature had in mind that robbery from the person is accompanied by violence, oftentimes by the use of deadly weapons, by wounding and maiming the victim, as well as by putting him in bodily fear. In order to protect human life and property, the lawmaking power declared robbery to be murder in the first degree where the death of a victim ensued in the perpetration of the robbery, irrespective of the fact whether the violence used was great or small. It would, therefore, be wholly immaterial whether or not the victim was struck on the head with a stick or died of fright, the guilt of murder in the first degree attaches to the act of robbery under the statute.

The Supreme Court proceeded upon the theory that the true test to be applied in a case of a plea of second jeopardy is, that where the facts required to convict on the second indictment would necessarily have convicted on the first, that a conviction on the first will bar the prosecution of the second. And since the evidence to convict under the indictment for robbery would not have been sufficient to convict of murder, therefore the legal identity of the offences fail.

The unsoundness of this reasoning lies in assuming that the offences must have legal identity in all cases, and in ignoring a most essential factor, that is, whether or not the offences grew out of the same transaction or were the product of a single criminal act.

The principle to be extracted from well considered cases is, that by the term *same offence* is not only meant the *same offence* as an entity and designated as such by legal name, but also any integral part of such offence which may subject an offender to indictment and punishment. *Reg.* v. *Walker,* 2 *Moody & R.* 457; *Rex* v. *Stanton,* 5 *Cox C. C.* 324.

When such integral part of the principal offence is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offence will bar a prosecution for the greater.

To adopt any other view would tend to destroy the efficacy of the doctrine governing second jeopardy, which is imbedded in our organic law as a safeguard to the liberties of the citizens.

In discussing this interesting topic, Mr. Bishop in volume one (fifth edition), paragraph 1057, of his learned treatise on criminal law, says: "But where the conviction or acquittal is upon an indictment covering no more than one of the smaller crimes, included as before mentioned, within a larger, the question arises whether this will bar an indictment embracing one of the larger. If it will not bar, then the prosecutor may begin with the smallest, where there are several crimes included with one another, and obtain successive convictions ending with the largest; while if he had begun with the largest, he must there stop, a conclusion repugnant to good sense. Besides as the larger includes the smaller, it is impossible a defendant should be convicted of the larger without being convicted of the smaller; and thus if he has been already found guilty of the smaller he is, when on trial for the larger in jeopardy a second time for the same, namely, the smaller offence. Some apparent authority, therefore, English and American, that a jeopardy for the less is no bar to an indictment for the greater, must be regarded as unsound in principle; while the doctrine which hold it to be a bar rests firmly on adjudication also."

Applying to the facts of the present case the test which is to be extracted from State v. Cooper and State v. Rosa, the inquiry presented is, Did the robbery and murder grow out of the same transaction? The state, by its bill of particulars, states that they did, and the plaintiff in error, having pleaded guilty to the robbery, the prosecution on the indictment for murder is barred.

This is a convenient place to again advert to the pronouncement of the Supreme Court, that the plea of *autrefois convict* to the indictment for murder admits that the facts in the indictment for robbery were the same as those in the present indictment for murder, and, therefore, the defendant suffered no harm by the admission of a confession which the

trial judge held to be admissible and the Supreme Court held to be not. We think otherwise. Assuming that the prisoner's confession was inadmissible, the plea of *autrefois convict* could not be used as evidence against him for the following reason:

The right of the defendant to this plea 'is given to him by the common law, safeguarded by the constitution and by statute, which plea may not be converted into an instrument of mischief and evil. It cannot, in justice, be used as a confession or admission when it was never intended as such. No person who had been acquitted or convicted of an offence could safely plead former jeopardy to a second prosecution if the facts set up in his plea are to be construed to be admissions of guilt. The constitutional provision and statute would be rendered practically useless.

For the reason that the plaintiff in error should have succeeded on his plea of *autrefois convict* in the Court of Oyer and Terminer, the judgment is reversed, to the end that a judgment be entered in said court in favor of the defendant on his plea of *autrefois convict,* and that he go without day, &c.

WALKER, CHANCELLOR (dissenting). Mowser, the plaintiff in error, was indicted by the Morris county grand jury on May 8th, 1917, for the murder of Frederick Richards on May 5th, then instant. On May 22d, 1917, the same grand jury indicted the plaintiff in error for robbery of the deceased on May 5th, then instant. On May 25th, 1917, in the Morris County Court of Oyer and Terminer, Mowser pleaded guilty to the second indictment, the one charging robbery. On June 11th, 1917, he filed a plea of *autrefois convict* in that court, in which he alleged that the offence in the indictment charging him with murder was one and the same offence as that charged in his indictment for robbery and that the alleged murder was committed in the perpetration of the robbery. To this plea the state demurred, and the proceedings were removed by *certiorari* into the Supreme Court. The demurrer was there sustained and judgment of *respondeat*

*ouster* was given, and the record remitted to the Morris Oyer and Terminer, in which court the defendant afterwards filed a new plea of *autrefois convict* averring the same facts as in his former plea. To this the state replied that the offence of robbery upon which he stood convicted upon his plea of guilty and the offence of murder charged against him were not one and the same, and the jury empaneled to try the issue thus raised found that the offence in the robbery indictment on which the defendant had been convicted and the offence of murder charged against him in the other indictment were not one and the same offence, but divers and different acts, crimes and offences. Mowser was then put upon his trial for murder in the Oyer and Terminer, and was convicted of murder in the first degree, with recommendation to life imprisonment. He sued out a writ of error from the Supreme Court to review his conviction, included in the record of which was the judgment sustaining the state's demurrer to the plea of *autrefois convict*. The judgment under review in the Supreme Court was affirmed by that tribunal, and plaintiff in error has removed the judgment entered on that affirmance into this court for review.

I have examined the assignments of error and causes for reversal relied upon by the plaintiff in error, and am of opinion that the judgment under review herein should be affirmed for the reasons expressed in the opinion by Mr. Justice Swayze, in the Supreme Court, affirming the judgment of conviction of murder rendered in the Morris County Oyer and Terminer, and for the reasons expressed in the opinion of Mr. Justice Bergen, in the Supreme Court, on the demurrer to the plea of *autrefois convict*.

*For affirmance*—THE CHANCELLOR, WILLIAMS, JJ.    2.

*For reversal*—THE CHIEF JUSTICE, MINTURN, KALISCH, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ.    7.