PATRICK CARMODY AND SUE CARMODY, PETI-
TIONERS, v. THE SEVENTH JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF LINCOLN, AND THE
HONORABLE PETER BREEN, JUDGE THEREOF,
PRESIDING, RESPONDENTS.

No. 4828

February 5, 1965                    398 P.2d 706

[Rehearing denied February 24, 1965]

*Earl M. Hill,* of Reno, for Petitioners.

*Harvey Dickerson,* Attorney General, and *Roscoe H.
Wilkes,* District Attorney, Lincoln County, for Respond-
ents.

## OPINION

By the Court, McNAMEE, C. J.:

This is an original petition for a writ of prohibition.
On May 31, 1964 R. B. Free was beaten and robbed in

his place of business at Pioche, Nevada. Later on the same day petitioners were arrested and charged with the robbery. On June 8, 1964 at their arraignment on the robbery charge petitioners each entered a guilty plea and were sentenced to the state prison.

On June 13, 1964 Free, the robbery victim, died from the injuries received during the robbery. On July 8, 1964 the grand jury returned an indictment against the petitioners charging them with murder alleged to have been committed during the robbery.[1] At their arraignment on said murder charge petitioners entered pleas of former jeopardy. The pleas were overruled, petitioners stood mute, and the court entered a plea of not guilty for each of them. Prior to the time set for trial this proceeding was filed and an alternative writ of prohibition issued.

No factual issue exists because the parties have agreed to the facts in a written stipulation filed herein.

The only question for determination is whether under the circumstances of this case the petitioners have already been in jeopardy by reason of their plea of guilty to the robbery charge.

Cases in two states, New Jersey and Texas, hold that a conviction of robbery is a bar to a subsequent prosecution for murder done in perpetration of the robbery. State v. Mowser, 92 N.J.L. 474, 106 A. 416, 4 A.L.R. 695; Doggett v. State, 130 Tex.Cr. 208, 93 S.W.2d 399. The basis for the New Jersey and Texas rule that the plea of double jeopardy would be sustained is that both crimes were products of the same act.

On the other hand, the majority rule is that although robbery and murder may both arise out of the same act a conviction or acquittal of one offense will not bar a prosecution for the other. State v. Barton, 5 Wash.2d 234, 105 P.2d 63; State v. Hall, 86 Idaho 63, 383 P.2d

---

[1]Subsection 1 of NRS 200.030 provides: "All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery or burglary, or which shall be committed by a convict in the state prison serving a sentence of life imprisonment, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree."

602; 22 C.J.S., Criminal Law § 295(5), note 6 (1961), and cases there cited.

Where the death of the victim occurs after the conviction for robbery the cases are unanimous[2] that the crime of murder is a separate and distinct offense and changes the character of the offense of robbery. Southworth v. State, 98 Fla. 1184, 125 So. 345. See also State v. Calvo, 240 La. 75, 121 So.2d 244; People v. Tideman, 57 Cal.2d 574, 21 Cal.Rptr. 207, 370 P.2d 1007; 15 Am.Jur., Criminal Law § 391 (1938). (In the New Jersey Mowser case the decedent died from the effects of his injuries at noon of the same day.)

The Nevada statute relating to double jeopardy is NRS 174.390 which states: "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

It is readily apparent that robbery and murder are separate and distinct offenses under this statute. See State v. Feinzilber, 76 Nev. 142, 350 P.2d 399.

Petitioners argue that by reason of their plea of guilty to the robbery charge the crimes of robbery and murder became merged under NRS 200.030. This contention is without merit. A merger could take place only where a crime includes other offenses. Neither robbery nor murder includes the other. State v. Hall, supra.

Petitioners urge that inasmuch as the doctrine of res judicata is applicable in criminal prosecutions, 147 A.L.R. 991, the defense of double jeopardy properly lies.

Because of their conviction of robbery by reason of their pleas of guilty, under the doctrine of res judicata

---

[2]This was conceded during oral argument by petitioners.

they may be precluded in the trial for murder from contending that they did not commit the robbery. Even so, no fundamental unfairness would result to petitioners in their trial for murder. Furthermore petitioners have cited no authority which would permit the defense of double jeopardy merely because the doctrine of res judicata might be applicable.

Alternative writ of prohibition vacated and the proceeding is dismissed.

THOMPSON and BADT, JJ., concur.