THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES E. KLINKHAMMER, Defendant-Appellant.

Third District    No. 81-495

Opinion filed March 31, 1982.

Robert Agostinelli and Stephen H. Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
A Will County indictment, returned April 16, 1980, charged the defendant, James Klinkhammer, with murder, felony murder, two counts of aggravated kidnapping, and armed robbery. A jury found defendant

guilty on all counts. He was sentenced to two 40-year concurrent prison terms for the murder convictions. Two 15-year terms were imposed for the two aggravated kidnapping felonies; the armed robbery conviction resulted in a 30-year term. The latter three penalties were to run concurrently with each other, but consecutive to the two murder punishments. Mr. Klinkhammer appeals.

On February 19, 1980, defendant and John Mackey agreed to rob a Clark gas station on Route 30 in East Chicago Heights. The idea originated with the defendant. Formerly, Mackey worked for Clark at other station locations. Mackey would be the driver. After entering the station, the attendant would be told to fill the car's gas tank. When he asked for the money, the attendant would be forced into the car and the keys to the station's safe taken. Once the safe was opened and plundered, the pair would flee. The attendant was to be transported to the "Old Roads" area off Torrance Avenue, knocked unconscious, and left to fend for himself.

In part, the armed robbery proceeded according to plan. Mackey's shotgun was employed. The two men went to the Clark station around 5:30 a.m. They laid in wait. Ronnie Sterling, the victim, opened the station around 5:45 a.m. Mackey pulled up to the pumps and defendant asked for service. When payment was requested, defendant brandishing the shotgun, told Mr. Sterling to get in the car. He was robbed. Sterling, however, did not have the key to the gas station's safe. Only the manager carried that key. Thus, the proceeds in the safe could not be looted. Mackey drove to the "Old Roads" area. Klinkhammer ushered Mr. Sterling out of the car at gunpoint. The defendant shotgunned Ronnie Sterling to death. Two shots were fired at close range into the back of his head.

On March 12, 1980, Mackey was taken into police custody. At that time he made a tape-recorded statement implicating himself and defendant. When the statement was taken, no deal was offered Mackey in exchange for his statement. Later, during plea negotiations, Mackey said he would plead guilty to two counts of aggravated kidnapping in exchange for a recommendation of an eight year prison term. This arrangement was first discussed with Mackey by his own lawyer on March 23, 1980. At trial, of the dozen witnesses for the People, Mackey's testimony, was the most revealing.

During Mackey's redirect examination the People attempted to have his March 12th statement admitted into evidence. Defendant objected, arguing that prior consistent statement was inadmissible since it was being used to impermissibly bolster Mackey's direct testimony, and therein his credibility. The statement was admitted by the trial judge. On appeal, defendant maintains this was reversible error. We disagree for two reasons.

■▮ It is well established that a witness may not testify as to statements

made out of court for the purpose of corroborating his trial testimony on the same subject. However, when it is necessary to rebut an allegation that the witness was motivated to lie or his testimony is of recent fabrication, evidence is admissible that the witness told an identical story prior to the time when the motive to fabricate came into existence. (*People v. Clark* (1972), 52 Ill. 2d 374, 389.) In such an instance, proof that the witness gave a similar account of the occurrence, when the motive to lie was nonexistent, or before the effect of the account could be foreseen, makes the prior consistent statement admissible. *People v. Powell* (1973), 53 Ill. 2d 465, 475, citing 4 Wigmore, Evidence §1128 (3d ed. 1940).

The question of according Mackey leniency in return for incriminating testimony against Klinkhammer was first discussed on March 23, 1980, between Mackey and his lawyer. On March 12, 1980, no deals were made when Mackey was arrested, although he did inquire whether one could be made. The response from the People was clear: a deal could not be made, but Mackey's cooperation would be noted. Such a response did not offer any reward or benefit to Mackey. Plea bargaining began on March 23 which was 10 days after Mackey gave the taped statement to police.

■■ Moreover, during cross-examination the defendant had impeached Mackey with contradictions in his testimony. The vehicle for such impeachment consisted of portions of the taped statement made immediately after his arrest. It is well settled that "* * * where a witness has been impeached by proof that he has made prior inconsistent statements, he may bring out all of the prior statements to qualify or explain the inconsistency and rehabilitate the witness." (*People v. Hicks* (1963), 28 Ill. 2d 457, 463.) How much weight should be accorded the statement is a jury question. But we believe the jury should be entitled to hear the entire statement in order to determine the amount of credence it should accord any inconsistency with it. Thus, for the reasons stated, admitting the prior consistent statement into evidence was correct.

Finally, defendant maintains he cannot be sentenced for both murder and felony murder since a single victim was killed. A similar argument is advanced concerning the two aggravated kidnapping convictions. We agree with both contentions.

■■ Multiple convictions based upon the same physical act cannot stand. Defendant, while armed with a dangerous weapon, kidnapped Ronnie Sterling, robbed him, then murdered him. Such conduct involves three offenses: murder, armed robbery, and aggravated kidnapping. This was not a situation where separate abductions occurred on the same victim at different intervals, or more than one victim was unlawfully confined. (See *People v. Schultz* (1979), 73 Ill. App. 3d 379, 386-87.) Confining the victim while armed with a shotgun in order to rob him is one aggravated kid-

napping. It is one armed robbery when something of value was taken from Mr. Sterling. Finally, one man, not two, was murdered. Accordingly, we reverse the felony murder conviction and the second conviction for aggravated kidnapping.

Since two of the five convictions have been reversed, this cause will be remanded for a new sentencing hearing. This mandate should not be construed as a reflection on the punishments imposed by the trial judge. We do observe that defendant's deeds were calculated, savage, and ruthless. We remand in order that the trial court may resentence the defendant without consideration of the two vacated sentences.

For the reasons stated, the conviction for felony murder and the second of the two aggravated kidnapping convictions are reversed. The sentences imposed thereon are vacated. The convictions for murder, armed robbery and the first aggravated kidnapping conviction are affirmed. The sentences entered on such convictions are vacated, however, and the cause is remanded to the trial court for a new sentencing hearing.

Affirmed in part; reversed in part; sentences vacated and cause remanded.

ALLOY and STOUDER, JJ., concur.