**Daniel Ray BRIMMAGE, Appellant,**

**v.**

**George SUMNER, Director, Nevada Department of Prisons, Appellee.**

**No. 84–1676.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 1985.[*]

Decided July 1, 1986.

As Corrected July 2, 1986.

Boochever, Circuit Judge, dissented and filed opinion.

---

[*] The panel was unanimously of the opinion that oral argument was not required in this case.

Fed.R.App.P. 34(a).

Daniel Ray Brimmage, Jean, Nev., for appellant.

Brian Randall Hutchins, Deputy Atty. Gen., Carson City, Nev., for appellee.

Before SNEED, KENNEDY, and BOO-CHEVER, Circuit Judges.

KENNEDY, Circuit Judge:

Petitioner was convicted by a Nevada court of robbery and murder in the first degree in the perpetration of robbery. He was sentenced to life imprisonment without the possibility of parole for the murder and a concurrent fifteen-year sentence for the robbery. His convictions were affirmed by the Nevada Supreme Court, 93 Nev. 434, 567 P.2d 54, and his petition for a writ of habeas corpus was denied by the federal district court. We affirm.

Petitioner contends that his robbery conviction should be overturned because it constitutes double jeopardy. His argument rests on the constitutional guarantee against multiple punishments for the same offense. He argues that the Nevada robbery statute, under which he was convicted, does not require proof of any fact beyond those required to convict under the felony murder statute for murder committed in the perpetration of robbery, under which he was also convicted. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The Nevada robbery statute defines "robbery" as:

the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force

or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial.

Nev.Rev.Stat. § 200.380(1). The Nevada murder statute defines "[m]urder of the first degree" as "murder which is ... [c]ommitted in the perpetration or attempted perpetration of ... robbery...." Nev. Rev.Stat. § 200.030(1)(b).

Taken together, the two statutes do indicate that robbery is a lesser included offense of felony murder. But even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *see Albernaz v. United States*, 450 U.S. 333, 340–41, 101 S.Ct. 1137, 1142–43, 67 L.Ed.2d 275 (1981) (congressional intent); *Whalen v. United States*, 445 U.S. 684, 690–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980) (same). We must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments, although we are not bound by that court's ultimate conclusion concerning whether such punishments violate the Double Jeopardy Clause. *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679.

We interpret Nevada Supreme Court decisions to hold that the Nevada legislature intended multiple punishments for felony murder and the underlying robbery. The Nevada Supreme Court has held that robbery and felony murder "are two separate and distinct offenses." *Koza v. State*, 681 P.2d 44, 50 (Nev.1984) (per curiam); *Brimmage v. State*, 93 Nev. 434, 567 P.2d 54, 59–60 (1977); *Carmody v. Seventh Judicial District Court*, 81 Nev. 83, 398 P.2d 706, 707 (1965). It is true that in neither *Koza*, *Brimmage*, nor *Carmody* did the Nevada Supreme Court explicitly analyze legislative intent. But in *Koza* the state court necessarily interpreted the leg-

islative intent with regard to authorizing cumulative punishments by first quoting the relevant language on legislative intent from *Missouri v. Hunter* and then reaching the conclusion that "separate and distinct statutes and offenses are involved." 681 P.2d at 50. Since the requisite legislative intent to impose multiple punishments therefore exists, we find no violation of the Double Jeopardy Clause.

Because petitioner's remaining contentions either are without constitutional merit or are not properly before a federal court on petition for a writ of habeas corpus, we address them in a separate memorandum opinion.

The district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting:

Because I believe that Brimmage was placed in jeopardy twice for the same offense in violation of the fifth amendment, I respectfully dissent.

The fifth amendment protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In determining what constitutes the "same offense," *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), states:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182; *see also Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The majority concedes that robbery is a lesser included offense of felony murder in Nevada, because the robbery statute, Nev.Rev. Stat. § 200.380 (1985), does not require proof of any fact beyond those required to convict under the statute for murder committed in the perpetration of robbery, Nev. Rev.Stat. § 200.030 (1985).

Yet even if the two statutes do proscribe the same conduct, recent Supreme Court cases hold that the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the legislature *clearly* intends that result. *Whalen* notes that *Blockburger* established a rule of statutory construction:

> The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*

445 U.S. at 691–92, 100 S.Ct. at 1437–38 (emphasis added). Similarly, *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), states that:

> [t]he *Blockburger* test is a "rule of statutory construction," and because it serves as a means of discerning congressional purpose *the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.*

450 U.S. at 340, 101 S.Ct. at 1142 (emphasis added). And in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Court amplified its prior holdings:

> Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate *clearly expressed legislative intent.* Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal

clear. Legislatures, not courts, prescribe the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

459 U.S. at 368–69, 103 S.Ct. at 679 (footnote omitted) (emphasis added).

While these cases allow a legislature to impose cumulative punishments under two statutes, such an intent must be "clearly expressed." The majority acknowledges that, absent such an expression, the imposition of multiple punishments for the greater and lesser included offenses violates the fifth amendment. There is no clear legislative expression in this case. In neither of the Nevada statutes in question nor any other legislation to which we have been referred is there any indication that the Nevada Legislature intended that multiple punishment be imposed, or, indeed, even considered that issue.

The Nevada robbery statute states only that: "Every person who shall commit robbery shall be punished by imprisonment in the state prison for not less than 1 year nor more than 15 years." Nev.Rev.Stat. § 200.380(2) (1985). The murder statute provides that one guilty of murder committed in the perpetration of robbery shall be punished:

(a) By death, only if one or more aggravating circumstances are found and any mitigating circumstance or circumstances which are found do not outweigh the aggravating circumstance or circumstances.

(b) Otherwise, by imprisonment in the state prison for life with or without possibility of parole. If the penalty is fixed at life imprisonment with possibility of parole, eligibility for parole begins when a minimum of 10 years has been served.

Nev.Rev.Stat. § 200.030(4) (1985). Not one word in the statutes evinces an intent to permit multiple punishments, and the parties have not pointed to any legislative history that could lead to such a conclusion.

It is in light of this complete absence of any, much less "clear," indication of legislative intent to permit multiple punishment that we examine the Nevada Supreme Court decisions concerning this issue. Under the language of *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679, we are required to accept a state court's finding of legislative intent. But here there is no such finding. In neither *Brimmage v. State*, 93 Nev. 434, 567 P.2d 54 (1977), nor *Koza v. State*, 681 P.2d 44, 50 (Nev.1984) (citing *Brimmage*), does the Nevada Supreme Court hold that the Nevada legislature intended multiple punishments for felony murder and the underlying felony of robbery. The court in *Brimmage*, 93 Nev. at 443, 567 P.2d at 59–60, merely referred to an earlier Nevada decision, *Carmody v. District Court*, 81 Nev. 83, 398 P.2d 706 (1965), for authority that robbery and murder are separate and distinct offenses. And *Koza*, although citing *Missouri v. Hunter* as permitting the legislature to authorize cumulative punishments under two statutes proscribing the same conduct, makes no finding as to the Nevada Legislature's intent in enacting the felony murder statute. 681 P.2d at 50. It holds only that robbery and felony murder are two "separate and distinct offenses." *Id.* The majority has previously concluded that this legal holding is incorrect, for robbery is a lesser included offense of felony murder committed in the perpetration of robbery. The majority also concedes that "[i]t is true that in neither *Koza*, *Brimmage*, nor *Carmody* did the Nevada Supreme Court explicitly analyze legislative intent."

Thus we are left with what the majority admits is an incorrect legal holding by the Nevada court and no Nevada decision finding any clearly expressed legislative intent to authorize cumulative punishment. From these circumstances the majority concludes that, because the Nevada Supreme Court quoted the relevant *Missouri v. Hunter*

language on legislative intent before it reached the erroneous legal conclusion that "separate and distinct statutes and offenses are involved," 681 P.2d at 50, the requisite legislative intent exists. I cannot accept this reasoning.

While the majority is correct in noting that *Missouri v. Hunter* requires federal courts to accept state courts' construction of state statutes pertaining to legislative intent for cumulative punishments, 459 U.S. at 368, 103 S.Ct. 679, the Court also noted that "we are not bound by the [state] Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause, and we reject its legal conclusion." *Id.* This court is likewise not bound by the Nevada Supreme Court's legal conclusion that a robbery is a separate and distinct offense from murder committed in the perpetration of robbery. See *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam).

### CONCLUSION

Robbery is a necessarily included offense and cumulative punishments are forbidden under the *Blockburger* test "in the absence of a clear indication of contrary legislative intent." *Whalen*, 445 U.S. at 691–92, 100 S.Ct. at 1437–38. In this case we not only have no "clear indication" of legislative intent, we have no indication at all in the statutes of an intent to impose cumulative punishments. Nor has the Nevada Supreme Court stated that the legislature indicated such an intent. *Missouri v. Hunter* does not require us to defer to an erroneous legal holding by a state court nor to manufacture a state court's finding of legislative intent.

In the absence of any indication of legislative intent to impose cumulative punishments and any state court finding on that issue, I conclude that it was a violation of the double jeopardy prohibition against multiple punishments to impose an additional sentence for robbery. I would remand for vacation of the robbery convic-

---

tion and affirm the district court's denial of the petition for a writ of habeas corpus on all other grounds.