SONNY JAMES LARSON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 16908

October 8, 1986                    725 P.2d 1214

*David G. Parraguirre,* Public Defender, and *Jane G. McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Timothy G. Randolph,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Two issues are raised by this appeal: (1) Whether appellant was improperly convicted of two counts of kidnapping, where the facts of the case demonstrate, at best, only one act of kidnapping and only one victim; and (2) whether the trial court's refusal to

admit a photograph of the victim mandates reversal. We are persuaded that the first contention is meritorious, and therefore vacate the judgment as to the second count of kidnapping; however, we find that the exclusion of the photograph does not require reversal, and therefore affirm the remaining convictions.

The victim testified that appellant approached her at night while she was standing alone at a bus stop. He pointed a gun at her and demanded that she accompany him to a nearby railroad car. She testified that he then sexually assaulted her several times, involving both fellatio and intercourse. Following the assault, appellant offered to drive the victim home, and she replied that she would rather take the bus. He accompanied her back to the bus stop. When she discovered that she had forgotten her wig, he returned to the scene of the assault to recover the wig at her request. He again joined the victim at the bus stop, and allowed her to board her bus. Appellant testified, admitting the sexual acts occurred, but claimed they were consensual.

We hold that, as a matter of law, only one kidnapping occurred. The facts demonstrate that the act involved a single victim. The detention accompanying the asportation was continuous, and the act of returning the victim to the place of abduction did not in any way increase the risk to the victim. *See, e.g.,* People v. Klinkhanner, 434 N.E.2d 835, 837 (Ill.App. 1982); 21 Am.Jur.2d, *Criminal Law,* § 268 (1981). As the United States Supreme Court has stated: "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." Brown v. Ohio, 432 U.S. 161, 169 (1977).

Appellant also contends that the trial court erred in refusing to admit a photograph of the victim taken an hour after the incident. The photograph shows the victim smiling. Although the photograph was arguably relevant to appellant's defense of consent, it does not appear that its exclusion necessarily limited appellant's ability to present his defense, as he contends. *See* Davis v. Alaska, 415 U.S. 308, 317-318 (1974).

A trial court may exclude relevant evidence if it finds that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. NRS 48.035(1). Such a determination rests within the sound discretion of the trial court. *E.g.,* Daly v. State, 99 Nev. 564, 567, 665 P.2d 798, 801 (1983). The trial court stated on the record that the probative value of the photograph was marginal,

450

and that the danger of misleading the jury or confusing the issues justified exclusion. We are unwilling to say the ruling was an abuse of discretion. *See, e.g.,* Land Resources Dev. v. Kaiser Aetna, 100 Nev. 29, 34-35, 676 P.2d 235, 238 (1984).

The judgment is vacated as to the second count of kidnapping with the use of a deadly weapon, and the judgment is affirmed in all other respects.