David A. HARINGTON, Petitioner–Appellant,

v.

John IGNACIO, et al., Respondent–Appellee.

No. 03–17347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 27, 2004.

Paul G. Turner, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondent.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

David A. Harington appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

We may not grant a petitioner habeas relief unless he has demonstrated that the state court adjudication on the merits was contrary to or an objectively unreasonable application of clearly established federal law as enunciated by the United States Supreme Court, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 70—71, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 402—03, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); *Clark v. Murphy,* 331 F.3d 1062, 1067–69 (9th Cir. 2003).

(1) Harington first claims that, because he continuously detained his victim, his conviction for two counts of kidnaping violated the Fifth Amendment's Double Jeopardy Clause. However, the Nevada Supreme Court determined that there were two abduction episodes and in the second frolic the "risk of further harm to the victim over and above that existing in the [initial] crime" of abduction and assault was present. *Stalley v. State,* 91 Nev. 671, 675, 541 P.2d 658, 661 (1975); *cf. Larson v. State,* 102 Nev. 448, 449, 725 P.2d 1214, 1214–15 (1986) (mere act of returning victim to *place of safety* not new crime). Because the Nevada Supreme Court neither whimsically nor unreasonably interpreted Nevada's kidnaping statute to authorize two counts, we must defer to its

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

construction,[1] and based on that, there was no double jeopardy violation.

(2) Harington also cites several instances where his counsel allegedly provided ineffective assistance.[2]

(a) On his first contention, Harington developed no evidence before the Nevada courts that the state did anything wrong in conjunction with the search of his car; thus, their determination that counsel were not ineffective for failing to file a motion to suppress was not unreasonable. Also, because Harington consistently admitted to having beaten the victim and to the presence of the implements, even if there was error, it was harmless. *See Strickland,* 466 U.S. at 699–700, 104 S.Ct. at 2071.

■ (b) Counsel probably should have, prior to trial, interviewed two potential witnesses who knew about Harington and the victim's sexual history.[3] But, the victim herself admitted at trial that she regularly had sexual relations with Harington following his violent episodes, yet the jury still believed that this incident was different. Therefore, the potential testimony was cumulative at best, and counsels' failure to present it did not prejudice Harington's defense. *See Bragg v. Galaza,* 242 F.3d 1082, 1089 (9th Cir.2001); *see also Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

(c) Contrary to Harington's claim, his counsel did in fact consult a toxicology and battered women's syndrome expert, but strategically chose not to pursue those defenses. Further, he does not posit how those defenses would have been successful, and the Nevada courts' conclusion that they would not have been was not unreasonable.

(d) Counsel's failure to present certain mitigating evidence at the sentencing hearing also was a reasonable strategic choice. *Strickland,* 466 U.S. at 699, 104 S.Ct. at 2070–71; *Correll v. Stewart,* 137 F.3d 1404, 1412 (9th Cir.1998); *Smith v. Stewart,* 140 F.3d 1263, 1269 (9th Cir.1998); *Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir. 1997). Moreover, the record makes it pellucid that the presentation of the evidence would not have swayed Harington's sentencing judge, who also heard his postconviction claims. *See Gerlaugh,* 129 F.3d at 1036.

■ (e) Because the challenged excerpts from the government's closing were "inference[s] from evidence in the record,"[4] they did not constitute improper vouching. Even if there were some slight tinge of vouching, it was so minor that counsel were not ineffective in failing to object. *Necoechea,* 986 F.2d at 1281.

■ (3) Harington's claim that jury instruction 30 (victim consent) violated his

**1.** *See Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Brimmage v. Sumner,* 793 F.2d 1014, 1015–16 (9th Cir. 1986); *see also Tarrant v. Ponte,* 751 F.2d 459, 464 (1st Cir.1985).

**2.** Of course, to prove that, he must demonstrate that his counsels' performances were deficient, and that those deficient performances prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

**3.** *See Riley v. Payne,* 352 F.3d 1313, 1318 (9th Cir.2003); *Lord v. Wood,* 184 F.3d 1083, 1093, 1095 n. 8 (9th Cir.1999); *Hart v. Gomez,* 174 F.3d 1067, 1070 (9th Cir.1999).

**4.** *United States v. Necoechea,* 986 F.2d 1273, 1279 (9th Cir.1993); *see also United States v. Atcheson,* 94 F.3d 1237, 1245 (9th Cir.1996); *Duckett v. Godinez,* 67 F.3d 734, 742 (9th Cir.1995); *cf. United States v. Kerr,* 981 F.2d 1050, 1053 (9th Cir.1992).

right to due process fails as well. That instruction was, at worst, ambiguous, and other instructions clarified the elements of sexual assault and the government's obligation to prove them beyond a reasonable doubt. *See Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991). Therefore, the holding that instruction 30 did not infect Harington's trial with unfairness was not an unreasonable application of clearly established federal law. *See Middleton v. McNeil,* —— U.S. ——, 124 S.Ct. 1830, 1832–33, 158 L.Ed.2d 701 (2004); *Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990).

(4) Finally, in combination, the minor errors did not deny Harington a fair trial. *See Davis v. Woodford,* 333 F.3d 982, 1007 (9th Cir.2003).

AFFIRMED.